IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. #852958 | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-281 |
| DESHELLE BOYCE, ET AL. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, Sr., an inmate formerly confined at the Stiles Unit in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff asserts a myriad of allegations concerning a ten-month period of time from January 3, 2020 through November 19, 2020 during which he claims there were at least fifty-seven occasions on which he complained to medical staff that his blood sugar was low and he was denied adequate medical treatment. Plaintiff notes that the defendants were monitoring his blood sugar levels, but he complains he was not always given either medication or glucose for low blood sugar. Plaintiff states medical staff would tell him he would "be alright" or "be fine" and to go back to his cell. Plaintiff claims that when his blood sugar was low he would feel "tired and shaky" without his medication.

Plaintiff claims Defendant Boyce came to his cell on April 14, 2020 concerning the escort procedure used to get him to the medical department and grievances he had filed alleging the denial of medical treatment. Plaintiff states Boyce informed him that since he required an escort to the medical department he would be sent back to his cell after treatment. After Plaintiff responded to Boyce that he was not receiving proper treatment, Defendant Boyce informed him she would make

sure he would now go to the 12 Building medical department, not the 10 Building medical department. Plaintiff also alleges that Boyce then told him: "I'm trying to get you to stop writing grievances."

Plaintiff alleges that on April 17, 2020, he was escorted to the 10 Building medical department when Defendant Boyce intervened and instructed the escort officer: "You can escort him to 12 bldg. A & B Hallway. He'll be fine." Plaintiff also alleges that on April 18, 2020 he was informed by Officer Green that there was an Inter-Office Communication ("IOC") out which stated Plaintiff is not allowed to go to 10 Building medical department and medical staff would come to 12 Building instead. Plaintiff claims this was a faulty system put in place by Defendants Delone and Boyce in retaliation for filing grievances concerning the alleged denial of medical treatment.

On April 14, 2020, Plaintiff claims he informed Defendant Boyce that the dental department had refused to fix a tooth after an old filing had fallen out. Plaintiff claims he asked Boyce why the dental department would be willing to pull the tooth rather than putting in a filling. Boyce allegedly told him because it was cheaper to pull a tooth than it is to fill one, and he would "have to wait until the COVID -19 blows over."[1]

Plaintiff also claims that on sixteen different occasions his medical emergency grievances were allegedly "illegally screened" by defendants Thomas and Reynolds.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.[2]

---

[1] Plaintiff's dental complaint formed the basis of another of Plaintiff's many lawsuits. *See McCoy v. Delone*, No. 1:20cv484 (E.D. Tex. Mar. 21, 2023). The lawsuit was dismissed with prejudice for failing to state a claim upon which relief may be granted. Therefore, the doctrine of *res judicata* prevents Plaintiff from raising the issue in this action. Accordingly, to the extent Plaintiff intended to bring his dental complaint as an actual claim in this lawsuit, the issue is barred and will not be further addressed.

[2] A *Martinez* report was ordered in this case. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)(cited with approval in *Cay v. Estelle*, 789 F.2d 318. 323 n.4 (5th Cir. 1986), and *Parker v. Carpenter*, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992)). The Office of the Attorney General, however, did not prepare and submit a report and forwarded only Plaintiff's records to the court along with a "Three Strikes Advisory." Accordingly, this Report is based only on Plaintiff's pleadings.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

In his complaint, Plaintiff did not make clear whether he sues each of the Defendants in their official capacity, individual capacity, or both. Accordingly, Plaintiff's complaint will be liberally interpreted as asserting claims against each Defendant in his or her official and individual capacities.

Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021). The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering

§ 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). This immunity extends to lawsuits for injunctive relief as well as for monetary damages. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002). Here, as the Eleventh Amendment bars recovery regarding Plaintiff's claims against the Defendants in their official capacity, Plaintiff's claims should be dismissed for failing to state a claim upon which relief may be granted.

*Medical Care*

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and

5

medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

Plaintiff's allegations fail to state a claim upon which relief may be granted. A review of the complaint reveals Plaintiff's complaints to staff were not ignored. Plaintiff's complaint shows that it was only random isolated incidents when Plaintiff claims treatment for his low blood sugar was denied or delayed, and medical staff determined he would be "alright" or "fine" without receiving either his medication or glucose. Plaintiff's disagreement with the course of treatment provided by the Defendants and his insistence that he should have received additional treatment is not sufficient to show deliberate indifference. At most, Plaintiff's allegations constitute nothing more than negligence or a disagreement with medical professionals over the proper course of treatment. Even if the Defendants were negligent in not taking Plaintiff to the infirmary or not providing additional treatment, negligence does not constitute a violation of the Eighth Amendment. Unsuccessful medical treatment, acts of negligence or medical malpractice, and disagreements as to diagnosis or treatment do not constitute deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Further, dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff has failed to show the Defendants were aware of a substantial risk of serious harm and failed to take measures to abate the risk. Plaintiff's allegations fail to rise to the egregious level required to state a claim under the Eighth Amendment. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted against the Defendants.

*Retaliation*

Plaintiff claims he was assigned to go to the 12 Building medical department instead of the 10 Building medical department for his medical care in retaliation for filing grievances. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable even if the

act, when taken for different reasons, might have been legitimate." *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). This includes a prisoner's First Amendment right to file grievances concerning his treatment, as retaliation has the potential to discourage a prisoner from exercising that right. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). However, retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).

To establish retaliation, an inmate is required to prove: (1) he was exercising a specific constitutional right; (2) the defendant intended to retaliate against the inmate for exercising that right; (3) a retaliatory adverse act on the part of the defendant; and (4) causation. *Morris*, 449 F.3d at 684. Causation "requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019); *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). Conclusory allegations are insufficient to support a retaliation claim. *Woods*, 60 F.3d at 1166.

In this case, Plaintiff has failed to show a sufficiently adverse action regarding his claims against any of the Defendants. Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from exercising his constitutional rights." *Bibbs*, 541 F.3d at 270. The retaliatory adverse action by the Defendants must rise above the level of a *de minimis* act. In *Morris*, *supra*, the plaintiff complained of two retaliatory adverse acts. The United States Court of Appeals for the Fifth Circuit held that a job transfer from the commissary to the kitchen was *de minimis*. The plaintiff in *Morris* was forced to work at a less desirable job for a week before he was assigned to a better position. In contrast, the court held that a transfer to a more dangerous prison unit was a sufficiently adverse act to support a claim for retaliation. *Morris*, 449 F.3d at 686-87.

Plaintiff asserts defendants Delone and Boyce instituted a policy that he would receive his medical care at the 12 Building medical department instead of the 10 Building medical department. The Defendants did not direct the denial of medical treatment for Plaintiff, only that Plaintiff receive

7

his medical treatment at a building different from where he had been receiving his treatment. While this arrangement may have been less desirable to Plaintiff, the Defendants' action would have caused Plaintiff to experience even less discomfort than the temporary job transfer described in *Morris*. *See Morris*, 449 F.3d at 687. Accordingly, this action, like the job transfer in *Morris*, was *de minimis* and would not have deterred a person of ordinary firmness from further exercising his constitutional rights. *See Moore v. Charles*, No. 4:14cv825, 2017 WL 750311, at 3 (E.D. Tex. Feb. 27, 2017) (concluding Plaintiff's retaliation claim failed in part because Defendant's alleged retaliatory act of classifying a disciplinary report as a major offense was *de minimis* and "would not deter a person of ordinary firmness from exercising their rights"); *Johnson v. Parks*, No. 5:03-cv-24-C, 2004 WL 2101669, at 5 (N.D. Tex. Sept. 15, 2004) (dismissing retaliation claim in part because prisoner did not demonstrate that Defendant's action caused him to stop, or prevented him from, filing grievances or lawsuits), *aff'd,* 182 F. App'x 300 (5th Cir. 2006). Plaintiff does not contend the alleged actions of Defendants Boyce and Delone chilled him from continuing to pursue constitutionally protected activities or that they were sufficiently harsh enough to chill the actions of a person of ordinary firmness. In fact, Plaintiff's numerous grievances filed, as well as lawsuits filed in this court, confirm that Plaintiff was not chilled from pursuing constitutionally protected activities. Therefore, Plaintiff's allegations of retaliation fail to state a claim upon which relief may be granted.

    *Grievances*

Plaintiff also complains he submitted several medical emergency grievances which were allegedly illegally screened by Defendants Thomas and Reynolds. However, inmates do not have a constitutionally protected liberty interest in having their complaints resolved to their satisfaction, and so there is no constitutional violation when prison officials fail to do so. *See Geiger v. Jowers,*

404 F.3d 371, 373-74 (5th Cir.2005) ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As Plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Accordingly, Plaintiff's grievance claims against the Defendants are frivolous and fail to state a claim upon which relief may be granted.

*Violations of Prison Policy*

Finally, to the extent any of Plaintiff's claims may be liberally construed as asserting the Defendants violated prison rules or policies, such claims fail to state a claim upon which relief may be granted. The Defendants' failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

## Supplemental Jurisdiction

In accordance with 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. Thus, to the extent Plaintiff's complaint may be liberally interpreted as asserting state law claims, supplemental jurisdiction should be declined in this action.

## Recommendation

The above-styled action should be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted. Additionally, the exercise of supplemental jurisdiction should be declined.

Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 14th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE